JOHN P. SCHNURER (State Bar No. 185725)
JSchnurer@perkinscoie.com
BRIAN WACTER (State Bar No. 223165)
BWacter@perkinscoie.com
CHENG C. KO (State Bar No. 244630)
JKo@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Tel: 858.720.5700
Fax: 858.720.5799

Attorneys for Plaintiff and Counterclaim Defendant
LARGAN PRECISION CO., LTD.

RITA E. TAUTKUS (State Bar No. 162090)
rtautkus@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

NATHAN W. MCCUTCHEON (admitted *pro hac vice*)
nmccutcheon@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 200004
Tel: 202.739.3000
Fax: 202.739.3001

Attorneys for Defendant and Counterclaim Plaintiff
FUJIFILM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> FUJIFILM CORPORATION, <br><br> Defendant and Counterclaim Plaintiff. | Case No. CV-10-1318 SBA <br><br> **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT LOCAL RULE 4-3** <br><br> The Honorable Sandra Brown Armstrong |

Pursuant to Patent Local Rule 4-3 of the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Plaintiff and Counterclaim Defendant Largan Precision Co., Ltd. ("Largan") and Defendant and Counterclaim Plaintiff Fujifilm Corporation ("Fujifilm"), by and through their respective undersigned counsel, submit the following Joint Claim Construction and Prehearing Statement ("Joint Statement").

## I.   Construction Of Claim Terms On Which The Parties Agree (Patent L.R. 4.3(a))

The chart below lists the constructions of the claim terms, phrases, and clauses of U.S. Patent Nos. 7,453,654 (the "'654 patent") and 7,535,658 (the "'658 patent") (collectively, the "Patents-in-Suit") on which the parties agree. The parties have agreed to the constructions of the following claim terms, phrases, and clauses:

| Terms, Phrase, or Clause | Agreed Construction |
| --- | --- |
| "in order from an object side of the imaging lens" | "arranged sequentially, without any intervening lenses, from an object side toward an image side" |
| "having a convex surface" | "having the exterior curving outward" |
| "having a concave surface" | "having the exterior curving inward" |
| "having a convex surface on the object side near a paraxial axis and having a meniscus shape" | "having, at and near the optical axis, the exterior on the object side curving outward and the exterior on the image side curving inward" |
| "meniscus shape" | "the exterior of one side curving outward and the exterior of the other side curving inward" |
| "has a concave surface on the image side in a vicinity of an optical axis of the fourth lens" | "a fourth lens which has, at and near the optical axis, an exterior on the image side curving inward" |
| "vd" | "Abbe number at the d-line (wavelength of 587.6 nm)" |
| "an aperture stop" | "the opening in an optical system that determines the size of the bundle of rays which traverse the system from an object point on the optical axis" |
| "in the vicinity of the optical axis" | "at and near the optical axis" |
| "convex" | "curving outward" |
| "concave" | "curving inward" |
| "positive power thereof decreases as the distance from the optical axis increases" | "the degree to which light is converged decreases as the distance from the optical axis increases" |
| "Abbe number" | "a number which expresses the deviating effect of an optical material on different wavelengths of light" |
| "aspheric" | "a surface that does not have a spherical shape" |
| "focal length" | "the distance from the principal point to the corresponding focal point" |
| "optical member" | "an element which contributes to the optical properties" |

| | |
|---|---|
| "telecentric characteristic" | "the incident angle of light rays onto the imaging element is near to parallel to the optical axis across the imaging element surface" |
| "periphery" | "an outer region away from the optical axis" |

## II. Proposed Construction Of The Disputed Terms (Patent L.R. 4.3(b))

The chart below lists the constructions of the terms, phrases, and clauses of the Patents-in-Suit on which the parties do not agree. The parties do not agree to the constructions of the following claim terms, phrases, and clauses:

| Terms, Phrase, or Clause | Fujifilm's Construction | Largan's Construction |
|---|---|---|
| "resin material" | "materials that include resin-like polymers or plastics" | "materials having physical properties of synthetic or natural polymers, excluding plastic material" |
| "air distance" | "two lenses are separated such that an air space exists between them" | "a gap between two immediately adjacent lenses, such that the corresponding lens surfaces are not in physical contact" |

Exhibits A and B attached to this Joint Statement provide the identification of all intrinsic evidence that supports each party's proposed constructions, and an identification of any extrinsic evidence known to each party on which it intends to rely, either to support its proposed construction of the claim, or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses, in accordance with Patent L.R. 4-3(b).

Fujifilm contends that its proposed claim constructions set forth are subject to change as claim construction discovery progresses and the parties fully brief the issues. Fujifilm contends that it reserves the right to supplement or amend its supporting evidence (both intrinsic and extrinsic) based on newly identified evidence, including, but not limited to documents requested but not yet received from the other party or the presentation of rebuttal declarations or testimony.

Largan contends that the parties' constructions and support for such construction are to be provided pursuant to the Patent Local Rules and any other court order.

### III. Most Significant and Dispositive Terms (Patent L.R. 4.3(c))

For purposes of Patent L.R. 4-3(c), Largan and Fujifilm both contend that the two most significant terms in dispute are (1) "resin material" and (2) "air distance." Largan contends that each of these two terms are independently dispositive of the claims in which they appear.

### IV. Length of Time For Claim Construction Hearing (Patent L.R. 4.3(d))

The tutorial and claim construction hearing are presently scheduled for December 15, 2010 beginning at 9 a.m. The tutorial is scheduled to last approximately 1 hour, with each side being allotted 30 minutes to present a short summary and explanation of the technology at issue. The parties anticipate that the claim construction hearing, not including the tutorial, will last no longer than 1.5 hours.

### V. Witnesses To Be Called At Claim Construction Hearing (Patent L.R. 4.3(e))

The parties identify the following witnesses to be called at the claim construction hearing.

#### A. Witness Largan May Call

Largan may call one or more experts, including Dr. Richard G. Zech, to explain the technology, the state-of-the-art at the time the patent applications of the Patents-in-Suit were filed, the meaning of claim terms as they would be understood by one of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and the level of ordinary skill in the relevant art. A summary of testimony Dr. Zech may offer is attached to this statement as Exhibit C.

At this time Largan does not plan to rely on the testimony of any fact witnesses regarding the proposed constructions. However, Largan reserves the right to rely upon one or more witnesses, including Dr. Zech, the named inventors of the patents-in-suit, any other Fujifilm employee, and any witness called by Fujifilm, to offer testimony if necessary to respond to Fujifilm's contentions, to respond to any expert or fact witness testimony offered by Fujifilm, or for the Court's benefit. Such rebuttal testimony may include an explanation of the technology, the state-of-the-art at the time the patent applications of the Patents-in-Suit were filed, the meaning of the claim terms as they would be understood by one of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and the level of ordinary

1  skill in the relevant art.

   **B.    Witness Fujifilm May Call**

   Fujifilm anticipates that it may call the named inventors of the Patents-in-Suit and other Fujifilm employees including: Yoshikazu Shinohara, Minoru Taniyama, Toru Ito, and Jun Hiraku as fact witnesses at the tutorial and claim construction hearing. Fujifilm also reserves the right to call on one or more Fujifilm employees in rebuttal to Largan's fact witnesses. The testimony could include an explanation of the meaning of those terms in the context of the subject matter of the Patents-in-Suit, a description of the state of the technology relating to the claimed invention(s) at the time the application for that patent was filed, a description of the qualifications of a person of ordinary skill in the art at the time the application for the Patents-in-Suit was filed, and how a person of ordinary skill in the art would interpret the identified claim term(s) or phrase(s) at the time the application for that patent was filed.

   On the date this Joint Claim Construction and Prehearing Statement was due Largan submitted an expert declaration of Dr. Richard G. Zech, Fujifilm reserves the right to submit rebuttal testimony or extrinsic evidence thereto. If rebuttal expert testimony is required Fujifilm reserves its right to call on Dr. Russell A. Chipman in rebuttal to HTC's claim construction expert(s). The testimony could support the claim constructions offered by Fujifilm by including an explanation of the meaning of those term(s) in the context of the subject matter of the Patents-in-Suit, a description of the state of the technology relating to the subject matter of the Patents-in-Suit, a description of the state of the technology relating to the claimed invention(s) at the time the application for that patent was filed, a description of the qualifications of a person of ordinary skill in the art at the time the application for that patent was filed, and testimony regarding how a person of ordinary skill in the art would interpret the identified claim term(s) or phrase(s) at the time the application for that patent was filed.

| | | |
|---|---|---|
| 1 | Dated: October 15, 2010 | PERKINS COIE LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ John P. Schnurer<br>JOHN P. SCHNURER |
| 5 | | Attorneys for Plaintiff and Counterclaim |
| 6 | | Defendant LARGAN PRECISION CO., LTD. |
| 7 | Dated: October 15, 2010 | MORGAN, LEWIS & BOCKIUS LLP |
| 8 | | |
| 9 | | |
| 10 | | By /s/ Rita E. Tautkus<br>RITA E. TAUTKUS |
| 11 | | Attorneys for Defendant and Counterclaim |
| 12 | | Plaintiff FUJIFILM CORPORATION |

## FILER'S ATTESTATION

I, John P. Schnurer, am the ECF user whose identification and password are being used to file this Joint Claim Construction and Prehearing Statement Under Patent Local Rule 4-3. In compliance with General Order 45.X.B. I hereby attest that Rita E. Tautkus concurs with this filing.

| | | |
|---|---|---|
| | Dated: October 15, 2010 | PERKINS COIE LLP |
| | | |
| | | By /s/ John P. Schnurer<br>JOHN P. SCHNURER |
| | | Attorneys for Plaintiff and Counterclaim<br>Defendant LARGAN PRECISION CO., LTD. |

## PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Perkins Coie LLP, 11988 El Camino Real, Suite 200, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at y place of business for collection and processing of correspondence for personal delivery, for mailing with the United States Postal Service, for facsimile and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On October 15, 2010, I served the following document(s):

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT LOCAL RULE 4-3

[x] By electronic service, I caused such document to be emailed to the addresses(s) set forth below.

Jeremy D. Peterson, Esq.
Email: jpeterson@morganleis.com
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Kell M. Damsgaard, Esq.
kdamsgaard@morganlewis.com
Morgan Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on October 15, 2010, at San Diego, California.

Victoria C Biernacke