UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARGAN PRECISION CO. LTD., | Case No:  C 10-1318 SBA |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR STAY, DENYING AS MOOT DEFENDANT'S MOTION TO WITHDRAW CONSENT TO STIPULATION, AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| vs. | |
| FUJIFILM CORPORATION, | |
| Defendant. | |
| | Dkts. 65, 68, 76 |

Plaintiff brings this action against Defendant seeking declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent No. 7,453,654 (the "'654 Patent") and U.S. Patent No. 7,535,658 (the "'658 Patent") (collectively, the "patents-in-suit").  The parties are presently before the Court on: (1) Plaintiff's Motion to Stay Litigation of the '658 Patent Pending *Inter Partes* Reexamination (Dkt. 76); (2) Defendant's Motion to Withdraw Consent to Stipulation to Stay Litigation of the '658 Patent Pending *Inter Partes* Reexamination (Dkt. 65); and (3) Defendant's unopposed Motion for Leave to File Second Amended Answer and Counterclaims (Dkt. 68).

Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's Motion to Stay, DENIES Defendant's Motion to Withdraw Consent to Stipulation as MOOT, and GRANTS Defendant's unopposed Motion for Leave to File Second Amended Answer and Counterclaims for the reasons set forth below.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I.     **BACKGROUND**

On March 29, 2010, Plaintiff filed this action against Defendant, the assignee of the patents-in-suit, asserting the following causes of action: (1) declaratory relief regarding non-infringement of the patents-in-suit; (2) declaratory relief regarding invalidity of the patents-in-suit; and (3) declaratory relief regarding unenforceability of the patents-in-suit based on inequitable conduct.  First Amended Complaint ("FAC"), Dkt. 1.  On September 20, 2010, Defendant filed its Amended Answer and Counterclaims, including counterclaims seeking declaratory judgment of infringement, validity, and enforceability of the patents-in-suit, as well as counterclaims asserting infringement of the patents-in-suit.  Dkt. 40.  The patents-in-suit are both directed to lens structures having an arrangement of four individual lenses.  FAC, Exs. A & B.  Plaintiff produces lens imaging products.  FAC ¶ 7.

On October 7, 2010, Plaintiff filed a request with the U.S. Patent and Trademark Office ("PTO") seeking *inter partes* reexamination of the '658 Patent.[1]  The request seeks cancellation of all of the claims of the '658 Patent.  On November 2, 2010, the parties filed a stipulated motion to stay this litigation with respect to only the '658 Patent, due to the reexamination proceedings.  Dkt. 49.  The Court has not yet adjudicated that motion.  On November 5, 2010, the PTO issued its First Office Action in the reexamination, confirming some of the claims of the '658 Patent and rejecting others.  Wacter Decl. Ex. 1, Dkt. 76-2.

On November 29, 2010, Defendant filed the instant motion to withdraw from the parties' stipulation seeking a stay, on the ground that the PTO has, in the First Office Action, confirmed the validity of some of the claims of the '658 Patent.  Dkt. 65.  On December 6, 2010, the Court vacated the claim construction hearing and remaining briefing dates pending resolution of Defendant's motion to withdraw from the joint stipulation.  Dkt. 75.  In response to Defendant's motion to withdraw, Plaintiff has filed a motion to stay litigation of the '658

---

[1] An *inter partes* proceeding allows third parties to have a role in the reexamination process, while an *ex parte* proceeding does not.  See Cooper Techs. Co. v. Dudas, 536 F.3d 1330, 1332 (Fed. Cir. 2008); 35 U.S.C. § 302 (*ex parte* procedure); 35 U.S.C. § 312 (*inter partes* procedure).

Patent.  Dkt. 76.  Finally, Defendant has also filed a motion for leave to file a second amended answer and counterclaims, to which Plaintiff has filed a statement of non-opposition.  Dkts. 68, 79.  Defendant seeks leave to amend its answer and counterclaims to assert only the claims of the '658 Patent that have been confirmed by the PTO in the First Office Action.

## II.    LEGAL STANDARD

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary."  Enzo Biochem, Inc. Gen-Probe Inc., 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted).  However, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art…."  35 U.S.C. § 302.  A district court has the discretion to stay judicial proceedings pending reexamination of a patent.  See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); accord Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008).  In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006); Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2007 WL 1655625 at *3 (N.D. Cal. 2007).

A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze.  See NTP, Inc. v. Research In Motion, Ltd., 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (citing Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001)).  There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule "would invite parties to unilaterally derail" litigation.  Soverain Software LLC v. Amazon.Com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

III.    **ANALYSIS**

A.      STAGE OF THE LITIGATION

The early stage of a litigation weighs in favor of granting a stay pending reexamination. See Target Therapeutics, Inc. v. SciMed Life Sys., Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time ... invested" in the litigation weighed in favor of staying the litigation); see also ASCII Corp. v. STD Entm't USA, Inc., 844 F.Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

Here, Plaintiff filed its complaint in March 2010.  No dispositive motions have been submitted.  Moreover, while Defendant has filed its opening claim construction brief, no other claim construction briefs have been filed, and no claim construction hearing date or trial date is currently scheduled.  Thus, the Court finds that the first factor militates in favor of a stay.  See Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857 at *4 (N.D. Cal. 2009) (Armstrong, J.) ("These related cases are still at an early stage of litigation, and this factor weighs in favor of a stay."); Research in Motion Ltd. v. Visto Corp., 545 F.Supp.2d 1011, 1012 (N.D. Cal. 2008) (granting stay when "no briefing on claim construction or dispositive motions have been filed").

B.      SIMPLIFICATION OF THE ISSUES AND TRIAL

The second factor examines whether a stay will simplify the issues in question and trial of the case.  As this Court has previously observed, "[t]o truly simplify the issues … *the outcome of the reexamination must finally resolve all issues in the litigation*."  Yodlee, 2009 WL 112857 at *5 (citation and internal quotations omitted, emphasis added).  "If regardless of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide a final resolution."  Id. at *5 (citing IMAX Corp. v. In-Three, Inc. 385 F.Supp.2d 1030, 1032-1033 (C.D. Cal. 2005) (denying motion to stay because the court was still required to address defendant's counterclaims, some of which were unrelated to patent infringement); Enprotech Corp. v. Autotech Corp., 1990 WL 37217 at *1 (N.D. Ill. 1990) (denying motion to stay because reexamination would not resolve claims of inequitable conduct).

Here, Plaintiff seeks to stay this litigation only with respect to the '658 Patent. Plaintiff asserts that such a stay will simplify the issues and trial because the claims of the '658 Patent may be cancelled or amended during the reexamination proceeding. However, the fact that the case would still proceed as to the '654 Patent necessarily means that the reexamination will not fully resolve all issues in the litigation. Instead, if a limited stay were granted, the parties and the Court would be required to fully litigate the '654 Patent, while deferring the litigation of the '658 Patent. While the patents-in-suit do not share any inventors and are not from the same patent family, they contain similar technology and scientific principles. Plaintiff presumably recognized this in choosing to bring this lawsuit including both patents. Staying this case as to the '658 Patent while proceeding with the '654 Patent would likely result in two full patent infringement trials in this Court, with overlapping evidence, by the same parties, but years apart. Based on recent statistics from the PTO submitted by Defendant, full resolution of the reexamination through the Board of Patent Appeals and Interferences could take sixty months or more from filing, not taking into account any subsequent appeal to the Federal Circuit Court of Appeals. See Morris Decl. Ex. 5, Dkt. 78.[2]

Moreover, staying this litigation with respect to the '658 Patent would not truly simplify the issues with respect to that patent, as the reexamination would not resolve Plaintiff's claim of unenforceability of the '658 Patent due to inequitable conduct, as the only issue before the PTO in the reexamination is invalidity due to prior art.

Given the fact that the average time for completing the reexamination process is sixty months, coupled with the fact that some causes of action will have to be litigated

---

[2] Plaintiff indicates that it intends to appeal the patent examiner's initial confirmation of certain claims of the '658 Patent to the Board of Patent Appeals and Interferences. Plf.'s Reply at 8-9, Dkt. 83.

1  notwithstanding reexamination, the Court concludes that the second factor weighs against a

2  stay.[3]

3       **C.**    **PREJUDICE AND TACTICAL CONCERNS**

4       The third factor examines whether a stay would unduly prejudice or present a clear

5  tactical disadvantage to the nonmoving party.

6       In the instant case, Defendant argues that it will suffer prejudice if a stay is granted

7  because Plaintiff was not diligent in seeking reexamination of the '658 Patent.  The facts do not

8  support such a conclusion.  Plaintiff served its invalidity contentions on July 21, 2010.

9  Plaintiff indicates that it used much of that prior art to generate its reexamination request,

10  which it filed on October 7, 2010, approximately two and a half months after Plaintiff served

11  its invalidity contentions.  Thus, Plaintiff does not appear to have filed its reexamination

12  request as a dilatory tactic.  See Ho Keung Tse v. Apple Inc., 2007 WL 2904279, *4 (N.D. Cal.

13  2007) ("[Plaintiff] has not proffered any evidence suggesting that Defendants are actually

14  requesting reexamination for the purpose of delay; they filed their request just three months

15  after they served their Preliminary Invalidity Contentions ….").

16       Nevertheless, the Court finds that granting a partial stay with respect to the '658 Patent

17  would create a clear tactical disadvantage to Defendant.  At the outset, staying litigation as to

18  the '658 Patent would delay resolution of Plaintiff's inequitable conduct claim as to that patent,

19  which asserts that Defendant's '658 Patent is unenforceable based on grounds not at issue in

20  the reexamination proceeding.  Also, issuing a partial stay would likely result in greater costs

21  and delay by requiring Defendant to proceed with two separate patent litigations in this Court,

22  involving overlapping issues and evidence.  There would be clear efficiencies gained for the

23  Court and the parties from trying the issues concerning the two similar patents in a single case,

24  _____

25      [3] While the Court finds that this factor weighs against a stay, the Court is not persuaded by Defendant's argument that the examiner's First Office Action obviates the need for a stay

26  because some of the '658 Patent claims have been confirmed.  As noted by Plaintiff, there is no finality, and no preclusive effect to inter partes reexaminations, until all appeals are exhausted

27  and the PTO issues a reexamination certificate.  See Safoco, Inc. v. Cameron Intern. Corp., 2009 WL 2424108 at *24 (S.D. Tex. 2009) ("a patent claim is not 'finally determined to be

28  valid and patentable,' 35 U.S.C. § 315(c), in an inter partes reexamination proceeding until the USPTO issues a reexamination certificate.").

rather than substantially duplicating proceedings.  Furthermore, it bears noting that Plaintiff elected to file its complaint under both patents, and later chose to file a request for reexamination of only the '658 Patent.  In seeking reexamination, Plaintiff knowingly and willingly took actions that created the very situation about which it now complains.

Thus, taking all of the factors into consideration, the Court concludes staying this litigation with respect to the '658 Patent is not warranted.

## IV.    CONCLUSION

For the above stated reasons,

IT IS HEREBY ORDERED THAT:

1.    Plaintiff's Motion to Stay (Dkt. 76) is DENIED.

2.    The parties' Joint Stipulation to Stay Litigation (Dkt. 49) is DENIED as MOOT.

3.    Defendant's Motion to Withdraw Consent to Stipulation to Stay Litigation (Dkt. 65) is DENIED as MOOT.

4.    Defendant's Motion for Leave to File Second Amended Answer and Counterclaims (Dkt. 68) is GRANTED as unopposed.  Defendant shall file its Second Amended Answer and Counterclaims within ten (10) days of the date this Order is filed.  If Defendant timely amends its pleading, Plaintiff shall respond consistent with the Federal Rules of Civil Procedure.

5.    This Order terminates Dockets 49, 65, 68, and 76.

IT IS SO ORDERED.

Dated: March 1, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge